O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADDIE M. MILLER,<br><br>               Plaintiff,<br>    v.<br><br>WALT DISNEY COMPANY CHANNEL 7 KABC; NBC4-NBC TELEMUNDO, LLC,<br><br>               Defendants. | Case No. 2:13-cv-06144-ODW(SHx)<br><br>**ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL [6]** |

On September 27, 2013, Plaintiff Addie M. Miller filed a Request for Appointment of Counsel under 28 U.S.C. § 1915(e).  (ECF No. 6.)  Since the Court finds that Miller has not demonstrated the requisite "exceptional circumstances" justifying appointing counsel, the Court **DENIES** Miller's request.

28 U.S.C. § 1915(e) provides that a district court "may request an attorney to represent any person unable to afford counsel."  The Ninth Circuit has interpreted this subsection to require the litigant to demonstrate "exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  In assessing whether a case meets this standard, a court must consider "'the likelihood of success on the merits [and] the ability of the petition to articulate his claims *pro se* in light of the complexity of the legal issues involved.'"  *Id.* (quoting *Weygandt v. Look*, 718 F.2d

/ / /

952, 954 (9th Cir. 1983)).  A court must consider both factors together; neither factor is dispositive.  *Wilborn*, 789 F.2d at 1331.

Miller avers that "there is a likelihood of success on the merits as pursuant to F.R.C.P. Rule (b) [*sic*]."  (Request 2.)  She also indicates that she anticipates encountering difficulty in taking depositions and other discovery matters.  (*Id.*)

The Court finds that neither factor weighs in favor of appointing counsel to represent Miller.  It is an extremely early stage in the litigation to comment on the legitimacy of Miller's allegations.  But it is undoubtedly difficult for any plaintiff to successfully prove the elements of common-law fraud, since fraud requires proof of defendant's intent to defraud the plaintiff.  *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 990 (2004).  And the difficulty Miller will likely encounter does not render the case complex; rather, any difficulty stems from the underlying facts and not the procedures required for litigating her case.

Neither does the need to conduct discovery weigh in favor of appointing counsel.  As the Ninth Circuit explained,

> Most actions require development of further facts during litigation and a *pro se* litigant will seldom be in a position to investigate easily the facts necessary to support the case.  If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues.

*Wilborn*, 789 F.2d at 1331 (footnote omitted) (denying request for appointment of counsel).  The reality that Miller will have to conduct depositions and propound other discovery requests therefore does not render her case any more complex than that of any other pro se litigant.

The Court is mindful that litigating any case—especially pro se—is a trying task.  Miller has a fundamental right to bring her claims to court.  But she does not have a fundamental right to the appointment of counsel in her case.

The Court finds that Miller has not demonstrated that her case presents the necessary "exceptional circumstances" justifying appointment of counsel under 28 U.S.C. § 1915(e).  The Court accordingly **DENIES** Miller's request.  (ECF No. 6.)

**IT IS SO ORDERED.**

September 30, 2013

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**