O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADDIE M. MILLER,<br><br>          Plaintiff,<br>     v.<br><br>WALT DISNEY COMPANY CHANNEL 7 KABC; NBC4-NBC TELEMUNDO, LLC,<br><br>          Defendants. | Case No. 2:13-cv-06144-ODW(SHx)<br><br>**ORDER TO SHOW CAUSE RE. LACK OF SUBJECT-MATTER JURISDICTION** |

On September 27, 2013, Plaintiff Addie M. Miller filed a Complaint against Defendants Walt Disney Company Channel 7 KABC and NBC4-NBC Telemundo, LLC, ostensibly under Federal Rule of Civil Procedure 9(b). (ECF No. 3.) Miller alleges that this Court has federal-question jurisdiction under 28 U.S.C. § 1331. But it appears that Miller has pleaded only common-law fraud claims. It also appears that Walt Disney Channel may be a citizen of California, thus destroying any potential diversity jurisdiction. The Court therefore **ORDERS** Miller to **SHOW CAUSE** why her case should not be dismissed for lack of subject-matter jurisdiction.

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts have original jurisdiction where an action presents a

federal question under 28 U.S.C. § 1331 or diversity of citizenship under 28 U.S.C. § 1332. To exercise diversity jurisdiction, a federal court must find complete diversity of citizenship among the adverse parties, and the amount in controversy must exceed $75,000, usually exclusive of interest and costs. 28 U.S.C. § 1332(a). A corporation is deemed a citizen of its state of incorporation and where it has its principal place of business. 28 US.C. § 1331(c)(1). A limited-liability company is a citizen of all states in which its members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

The Court has reviewed Miller's Complaint and found no indicium of a federal question. Despite Miller's repeated assertion, the Federal Rules of Civil Procedure do not provide causes of action themselves; rather, they govern the procedures to employ in a case that has already properly invoked this Court's jurisdiction. Rule 9(b) to which Miller heavily refers governs the requirements for pleading fraud. A plaintiff must still point to an underlying basis for a fraud claim, such as a state's common law. And a common-law claim is the antithesis of a federal question. Such a claim does not arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Neither does it appear that Miller has properly invoked this Court's diversity jurisdiction under 28 U.S.C. § 1332. It appears from her Complaint that Miller is a California citizen. (Compl. ¶ 3.) Miller has alleged that Walt Disney Company is located in Burbank, California, which may indicate Walt Disney Company's place of incorporation, principal place of business, or both. (*Id.* ¶ 4.) If Miller and Walt Disney Company are both California citizens, then there would be no complete diversity among the parties. And complete diversity, of course, is required for diversity jurisdiction. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Miller also has not properly alleged the citizenship of each of NBC4-NBC Telemundo's members. The Court cannot discern whether Miller has established complete diversity until she fully alleges NBC4-NBC Telemundo's citizenship.

The Court therefore **ORDERS** Miller to **SHOW CAUSE** by **Monday, October 14, 2013**, why her case should not be dismissed for lack of subject-matter jurisdiction. Miller shall respond in writing. No hearing will be held at this time. Failure to timely respond will result in dismissal of this action.

**IT IS SO ORDERED.**

September 30, 2013

                              _____
                              **OTIS D. WRIGHT, II**
                              **UNITED STATES DISTRICT JUDGE**