UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADDIE M. MILLER,<br><br>              Plaintiff,<br>     v.<br><br>WALT DISNEY COMPANY CHANNEL 7 KABC; NBC4-NBC TELEMUNDO, LLC,<br><br>              Defendants. | Case No. 2:13-cv-06144-ODW(SHx)<br><br>**ORDER TO SHOW CAUSE RE. FAILURE TO STATE A CLAIM** |

On September 27, 2013, Plaintiff Addie M. Miller filed a Complaint against Defendants Walt Disney Company Channel 7 KABC and NBC4-NBC Telemundo, LLC, ostensibly under Federal Rule of Civil Procedure 9(b). (ECF No. 3.) Miller alleges that this Court has federal-question jurisdiction under 28 U.S.C. § 1331. On September 30, 2013, the Court ordered Miller to show cause why her case should not be dismissed for lack of subject-matter jurisdiction. (ECF No. 9.)

On October 9, 2013, Miller responded to the Order, again asserting that the Court had jurisdiction under 28 U.S.C. § 1331. She also filed a First Amended Complaint in which she added putative causes of action under the First and Fourteenth Amendments. But after reviewing Miller's amendments, it appears that she cannot sustain any of her ostensibly federal-question causes of action as a matter of law. The Court therefore **ORDERS** Miller **TO SHOW CAUSE** why her case should not be

dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and lack of subject-matter jurisdiction.

In her First Amended Complaint, Miller alleges causes of action under the First and Fourteenth Amendments, fraud under Federal Rule of Civil Procedure 9(b), and "causation and damage."

The First Amendment to the United States Constitution "protects individuals only against government, not private, infringements upon free speech rights." *George v. Pac.-CSC Work Furlough*, 91 F.3d 1227, 1229 (9th Cir. 1996). The Fourteenth Amendment similarly only applies to state action. *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 924 (1982); *see also* U.S. Const., amend. XIV.

Miller alleges that Walt Disney Company and Telemundo infringed her First and Fourteenth Amendment rights by not allowing her to participate in the televised mayoral debates. But Walt Disney Company and Telemundo are private entities. Their conduct therefore does not constitute state action for purposes of the Constitution.

Neither can Miller sustain a cause of action under Federal Rule of Civil Procedure 9(b). That Rule provides, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." By its very terms, the Rule only governs the fraud pleading standard. It does not authorize a fraud cause of action. Rather, fraud—at least the sort Miller alleges—is purely a creature of state law. *Lacher v. Super. Ct.*, 230 Cal. App. 3d 1038, 1043 n.1 (Ct. App. 1991).

And Miller's putative claim for "causation and damage" does not rest upon any apparent common-law, statutory, constitutional, or other basis. At best, one could construe this "cause of action" as an extension of Miller's common-law fraud claim. But that still would not establish federal-question jurisdiction under § 1331.

/ / /

Without any viable federal causes of action, the Court still questions whether it has subject-matter jurisdiction.  *See* Fed. R. Civ. P. 12(h).  The Court therefore **ORDERS** Miller to **SHOW CAUSE** by **Thursday, October 31, 2013**, why her case should not be dismissed for failure to state a claim under Rule 12(b)(1) and lack of subject-matter jurisdiction.  Miller shall respond in writing.  No hearing will be held at this time.  Failure to timely respond will result in dismissal of this action.

**IT IS SO ORDERED.**

October 10, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**