O
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADDIE M. MILLER,<br><br>　　　　　Plaintiff,<br>　　v.<br>WALT DISNEY COMPANY CHANNEL 7 KABC; NBC4-NBC TELEMUNDO, LLC,<br><br>　　　　　Defendants. | Case No. 2:13-cv-06144-ODW(SHx)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

On September 27, 2013, Plaintiff Addie M. Miller filed a *pro se* Complaint against Defendants Walt Disney Company Channel 7 KABC and NBC4-NBC Telemundo, LLC ostensibly under Federal Rule of Civil Procedure 9(b). (ECF No. 3.) Miller alleges that this Court has federal-question jurisdiction under 28 U.S.C. § 1331. On September 30, 2013, the Court noted that Miller had not alleged any valid federal claim or shown diversity of the parties. The Court therefore ordered Miller to show cause why her case should not be dismissed for lack of subject-matter jurisdiction. (ECF No. 9.)

On October 9, 2013, Miller responded to the Order, again asserting that the Court had jurisdiction under 28 U.S.C. § 1331. She also filed a First Amended Complaint in which she added putative causes of action under the First and Fourteenth Amendments. Since Defendants are private entities, the Court ordered Miller to show

cause why her claims against Walt Disney Company and NBC4-NBC Telemundo should not be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 14.)

On October 16, 2013, Miller responded to the Court's Order. (ECF No. 15.) Miller asserts that the "Pleading was error when it Cited 28 U.S.C. 1331 as to the jurisdiction. The proper pleading is within the Constitutional Law 90.1(1)[.]"[1] (Response ¶¶ 1–2.)

The First Amendment to the United States Constitution "protects individuals only against government, not private, infringements upon free speech rights." *George v. Pac.-CSC Work Furlough*, 91 F.3d 1227, 1229 (9th Cir. 1996). The Fourteenth Amendment similarly only applies to state action. *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 924 (1982); *see also* U.S. Const., amend. XIV.

Miller alleges that Walt Disney Company and Telemundo infringed her First and Fourteenth Amendment rights by not allowing her to participate in televised mayoral debates. But Walt Disney Company and Telemundo are private entities. Their conduct therefore does not constitute state action for purposes of the Constitution. Miller thus cannot state an actionable First Amendment claim against either Defendant.

Miller correctly argues that the First Amendment "affords broadest protection" for political expression. (Response ¶ 3.); *McIntyre v. Ohio Elections Comm'n,* 514 U.S. 334, 347 (1995) (noting that political speech "is the essence of First Amendment expression"). But Miller's First Amendment right to engage in political activity does not protect her from nongovernmental actors infringing that right.

Neither can Miller sustain a cause of action under Federal Rule of Civil Procedure 9(b). That Rule provides, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent,

---

[1] The Court is unclear to which constitutional doctrine Miller refers. But mindful that Miller is *pro se*, the Court gives Miller every benefit of the doubt in construing her arguments.

knowledge, and other conditions of a person's mind may be alleged generally." By its very terms, the Rule only governs the fraud pleading standard. It does not authorize a fraud cause of action. Rather, fraud—at least the sort Miller alleges—is purely a creature of state law. *Lacher v. Super. Ct.*, 230 Cal. App. 3d 1038, 1043 n.1 (Ct. App. 1991).

And Miller's putative claim for "causation and damage" does not rest upon any apparent common-law, statutory, constitutional, or other basis. At best, one could construe this "cause of action" as an extension of Miller's common-law fraud claim. But that still would not establish federal-question jurisdiction under § 1331.

Without any actionable federal claim, the Court finds that it does not have federal-question jurisdiction under 28 U.S.C. § 1331. Miller also has not demonstrated that Defendants are of diverse citizenship from her despite the Court's previous Order to Show Cause.

This Court is a court of limited jurisdiction. It can only hear cases within the scope of Article III to the United States Constitution. Despite Miller's insistence, this case does not fall within that purview and therefore must be dismissed. Miller is of course free to file her action in an appropriate state court where subject-matter jurisdiction will likely not be an obstacle for her.

The Court finds that it lacks subject-matter jurisdiction over Miller's case and **DISMISSES** this action **WITHOUT PREJUDICE**. The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

October 21, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**