**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADDIE M. MILLER,<br><br>              Plaintiff,<br>      v.<br>WALT DISNEY COMPANY CHANNEL 7 KABC; NBC4-NBC TELEMUNDO, LLC,<br><br>              Defendants. | Case No. 2:13-cv-06144-ODW(SHx)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

On October 22, 2013, Plaintiff Addie M. Miller filed a Motion for Reconsideration of the Court's October 21, 2013 Order Dismissing Case Without Prejudice. (ECF Nos. 16, 17.) Miller contends that the Court erred when it dismissed her case because she argues that the Court has jurisdiction under Article III of the United States Constitution. She also requests leave to file a second amended complaint.

Central District Local Rule 7-18 provides that a party may move for reconsideration only on limited grounds:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of

law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

The Local Rule further cautions, "No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." C.D. Cal. L.R. 7-18.

The Court finds that Miller has not adequately presented any proper ground for reconsidering the Court's dismissal of her case. It is unquestionable at this point that the Court does not have jurisdiction over her case. There are only two possible methods of establishing subject-matter jurisdiction under Article III. First, a case may arise under the Constitution, laws, or treaties of the United States—so-called federal-question jurisdiction. 28 U.S.C. § 1331. Or a case may be brought between parties of diverse citizenship where the amount in controversy exceeds the sum or value of $75,000. *Id.* § 1332(a). Neither of these jurisdictional bases apply to Miller's case.

As the Court noted in its previous Order to Show Cause and dismissal Order, Miller has not alleged a valid federal claim. Rather, Miller's allegations sound in common-law fraud, which is a creature of state—not federal—law. (ECF No. 16, at 3.) While Miller requests leave to amend her Complaint to include a citation to Article III, the Constitution does not provide Miller with any valid cause of action. (*Id.* at 2.) Article III limits the federal judiciary's power to hear "cases and controversies"; it is not a source of general subject-matter jurisdiction. U.S. Const. art. III, § 2.

Neither has Miller established diversity jurisdiction. She has not alleged each Defendant's citizenship, that is, their state of incorporation and principal place of business. The Court takes judicial notice that the California Secretary of State lists Walt Disney Company's address as 500 S. Buena Vista Street, Burbank, California 91521. *See* Business Search, California Secretary of State, http://kepler.sos.ca.gov (entity number C1770422); Fed. R. Evid. 201(b)(2). Under the complete-diversity

rule, Miller cannot establish diversity jurisdiction if any Defendant is a citizen of the same state as her, i.e., California. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Since Walt Disney Company is headquartered in California, it is a California citizen. *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010); 28 U.S.C. § 1332(c)(1). Complete diversity—and accordingly diversity jurisdiction—therefore does not exist in this case.

The Court still finds that it lacks jurisdiction. The Court consequently *must* dismiss Miller's case notwithstanding her pleas to the contrary. Fed. R. Civ. P. 12(h) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Of course, the Court dismissed Miller's action without prejudice, which means that this Court has not affected her legal rights. Miller is free to file her case in an appropriate state court where subject-matter jurisdiction will not likely pose an obstacle to her.

Finding no basis for reconsidering the Court's previous dismissal Order, the Court **DENIES** Miller's Motion for Reconsideration. (ECF No. 17.) The Court also **VACATES** the November 25, 2013 hearing date.

**IT IS SO ORDERED.**

October 25, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**